# Staunton.

## BLAKEMORE V. ODER'S ADM'R AND ALS.

### September 20th, 1888.

EVIDENCE—*Sufficiency—Case at bar.*—Case here was one wholly of the weight of the evidence, which was *held* to warrant the rejection of the complainant's claim.

Appeal from decree of circuit court of Augusta county, entered June 24th, 1886, in a chancery suit pending in the name of Harrell and others against Oder's administrator and distributees, the object whereof was to settle and distribute the decedent's estate. In May, 1885, A. J. Blakemore filed his petition in this suit, wherein he set up a claim against the estate. He alleged that in 1869, Oder, being indebted to him, had transferred and assigned to him two bonds on J. L. and J. B. Nash, one for $300, payable March 1st, 1864, the other for $309, payable March 1st, 1865, subject to some credits; that in 1873, Oder, having filed his petition in bankruptcy and needing money for the costs, applied to, and obtained from, Blakemore the "Nash bonds" to raise money on, promising, in writing, to return them; that Oder and Blakemore were uncle and nephew; that in 1883, Oder exchanged these bonds for another bond for $947.82, payable two years after its date to Oder himself, and that since his death his administrator has collected it. In the meantime Oder was insolvent, and more and more infirm. There was some evidence tending to show that these transactions between uncle and nephew were "shams," and that the latter was holding and hiding the former's effects from his creditors; and two of Oder's daughters testified that in her father's life-time, in 1876,

they heard a conversation between them, in which they spoke of having had a settlement, whereby all indebtedness between them had been mutually extinguished. The cause being referred to a master, he, in his report, disallowed Blakemore's claim; to which the latter excepted. The court overruled the exception, and he obtained an appeal.

*Craig & Paul,* for the appellant.

*White & Gordon,* for the appellees.

HINTON, J., delivered the opinion of the court.

The correctness of the decree complained of, in the single point upon which it is assailed in this case, namely, its refusal to allow Blakemore, the petitioner in the court below and the appellant here, the sum of $947.82, the proceeds of what are known in the record as the "Nash bonds," seems to the court to be established by the proofs; for, conceding the assignment of the two original bonds by W. Oder to Blakemore to have been a fair and *bona fide* transaction, and not a device to hinder, delay, and defraud his creditors, it seems perfectly plain that said Oder subsequently became the owner of both bonds, and was the owner of the bond given by Nash's wife and sons in exchange therefor at the time of his death. Without going into a review of all the testimony in the case, it is only necessary for us to say that we are brought to this conclusion by the testimony of Mrs. Dice and Mrs. Crawn, which is supported by the other facts developed in the record; whilst the contention of the appellant that he is the rightful owner of this claim appears to us to be irreconcilable with his conduct, if he was such owner, in permitting Oder to keep and use these bonds for so long a period as eight years—from May, 1875, to July, 1883—and finally to exchange them for a new bond, payable to said Oder, when he (Blakemore) must have been aware that Oder was utterly unable

to repay him for them, and, by reason of his increasing infirmities of body, was becoming less likely to be able to do so in the future. The testimony of both Mrs. Dice and Mrs. Crawn, while they do not pretend to give all that passed on the occasion or occasions to which they refer, is explicit upon the point that these parties, Blakemore and Oder, had had a settlement, and that neither owed the other. This was in the latter part of 1876, or the early part of 1877, after, in all probability, ·Oder had received his discharge in bankruptcy ; and the natural course would have been for Blakemore to have demanded these bonds, and to have surrendered to Oder the evidence of debt he held against him. But we find him doing neither. Whilst, therefore, it may be possible that the claim of Blakemore may be just, we yet think it clear that the weight of evidence is in favor of the views entertained by the commissioner and pronounced by the court in its decree. This view of the case renders it both unnecessary and improper for us to consider the question of fraud so elaborately discussed by counsel in their briefs and at bar. It only remains for us to say that the deposition of Blakemore was clearly inadmissible under the statute, and was therefore properly excluded. See Acts 1876–77, c. 258, p. 267. We perceive no error in the decree appealed from, and it must be affirmed.

DECREE AFFIRMED.